Jordan v. Levine

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States 29ᵗʰ day of October, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                     **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
VICTOR JORDAN,
         **Plaintiff-Appellant**,

         -v.-                                    No. 12-3339

HON. KATHERINE A. LEVINE, A Judge of the New York City Civil Court, Kings County, LENNA S. JORDAN, ROSLYN LOUISE BLACKMAN, and, ALFRED E. LOCASCIO, Marshal, City of New York,
         **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**     VICTOR JORDAN, pro se, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**     No appearance.

JUDITH VALE, Assistant Solicitor General, for amicus curiae Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, in support of Defendant-Appellee Hon. Katherine A. Levine.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Victor Jordan, pro se, appeals from a judgment dismissing his complaint sua sponte for lack of subject matter jurisdiction. The complaint alleges constitutional violations arising out of a state court eviction proceeding. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court properly dismissed Jordan's complaint because Jordan's claims are barred by the Rooker-Feldman doctrine. Pursuant to that doctrine, federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[T]here are

2

four requirements for the application of Rooker-Feldman": (1) "the federal-court plaintiff must have lost in state court"; (2) the plaintiff must complain of injuries caused by a "state-court judgment"; (3) the plaintiff must "invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (footnote, internal quotations, and alteration omitted).

These requirements are satisfied here. Jordan is seeking an order staying the enforcement of a state court warrant of eviction. Jordan's claims against Judge Levine (alleged misconduct during the state court proceedings) and Marshal Locascio (unconstitutional enforcement of the warrant of eviction) arise from and concern only the state court eviction judgment and were filed after that judgment was entered. District courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings *even if those challenges allege that the state court's action was unconstitutional.*" D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (emphasis added).

3

A pro se complaint usually should not be dismissed without granting the plaintiff leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is unnecessary if it would be futile. See id.

We have considered all of Jordan's remaining arguments and conclude that they are without merit. The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK